**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 3, 2006[*]
Decided November 21, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1694

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | |
| | No. 03 CR 450 |
| BABAJIDE SOBITAN, *Defendant-Appellant*. | John W. Darrah, *Judge*. |

**O R D E R**

Babajide Sobitan was convicted of attempting to reenter the United States without authorization after having been deported, 8 U.S.C. § 1326(a).  Over Sobitan's objection and in contradiction of *United States v. Booker*, 125 S. Ct. 738 (2005), the district court sentenced him as though the sentencing guidelines were mandatory.  The district court imposed a sentence of 97 months' imprisonment, a

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

sentence at the high end of the applicable range.  We remanded the case for resentencing and the district court imposed an identical sentence.  Sobitan has appealed that sentence, but his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and contends that the appeal should be dismissed because Sobitan has no non-frivolous arguments.  Sobitan has responded to counsel's brief.  *See* Cir. R. 51(b).  Accordingly, we review only the potential issues identified in counsel's brief and Sobitan's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel contends that any argument posed by Sobitan concerning the reasonableness of his sentence would be frivolous.  First, he points out that the district court correctly calculated Sobitan's guidelines range, and 97 months' imprisonment, although at the high end of the range, is still presumptively reasonable under *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  That presumption may be rebutted by a showing that the factors outlined in 18 U.S.C. § 3553 compelled a lower sentence.  *See United States v. Lange*, 445 F.3d 983, 987 (7th Cir. 2006).  Counsel speculates that Sobitan may argue that the fact that his family has struggled financially and emotionally since his incarceration compelled a lower sentence.  But the district court considered Sobitan's family circumstances and concluded that a sentence at the high end of the range was necessary to reflect the seriousness of his crime and his disregard for the immigration laws.  Neither counsel nor Sobitan identifies any other factor that would have compelled a lower sentence.

Next, the district court added a two-level adjustment to Sobitan's guideline calculations for obstruction of justice because he used a false name to reenter the country and refused to disclose financial information to the probation officer.  In his response, Sobitan contends that he could present an argument that the district court incorrectly added that adjustment, but we disagree.  The district court based that adjustment on adequate evidence on the record.  Absent clear error, we will not overturn a district court's factual finding that an obstruction of justice adjustment is warranted and any argument otherwise would be unsuccessful.  *See United States v. Warren*, 454 F.3d 752, 762 (7th Cir. 2006).

We GRANT counsel's motion to withdraw and DISMISS the appeal.